IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-747-D

| | | |
|---|---|---|
| KENNETH JEFFREYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TJL PROPERTIES OF NC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the undersigned pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. See also Local Civil Rule 77.2(j).

On April 14, 2014, the clerk entered default against TJL Properties of NC, Inc. ("defendant") under Rule 55(a) of the Federal Rules of Civil Procedure [D.E. 12]. A party is in default when it has failed to plead or otherwise defend. See Fed. R. Civ. P. 55(a). Here, defendant filed an answer to plaintiff Kenneth Jeffreys' complaint on April 2, 2014, before the clerk entered the default [D.E. 10].[1]

Rule 60(a) of the Federal Rules of Civil Procedure provides that the "court may correct a clerical mistake or a mistake arising from oversight or omission" without notice. Fed. R. Civ. P. 60(a). Because defendant answered plaintiff's complaint, default is not appropriate under Rule 55(a). Thus, the clerk improvidently granted plaintiff's motion for entry of default. Accordingly, the default against defendant is set aside [D.E. 12], and plaintiff's motion for entry of default is

---

[1] According to the record, the time for defendant to plead or otherwise defend had expired when defendant filed the answer. Defendant did not seek an extension of time to file its answer. Although the answer was filed late, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults must be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

denied as moot [D.E. 8].

SO ORDERED. This 4th day of June 2014.

_____
Julie A. Richards, Clerk of Court